

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-21-2009

# Reynaldo Rosario v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-2601

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Reynaldo Rosario v. USA" (2009). *2009 Decisions.* Paper 790.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/790

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-272                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2601
_____

REYNALDO ROSARIO,
Appellant

v.

UNITED STATES OF AMERICA

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civ. No. 08-cv-05170)
District Judge:  Honorable Jerome B. Simandle

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 30, 2009

Before: RENDELL, HARDIMAN and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  August 21, 2009)

_____

OPINION
_____

PER CURIAM

Reynaldo Rosario, a federal prisoner proceeding <u>pro</u> <u>se</u>, appeals an order of the

United States District Court for the District of New Jersey dismissing his petition for a

writ of audita querela. We will affirm the District Court's order.

In 1993, Rosario pleaded guilty to possession with intent to distribute cocaine. Rosario escaped from prison and remained a fugitive until 1999, when he was sentenced to a term of 327 months in prison. In 2000, we affirmed the judgment of conviction. In 2001, the District Court denied Rosario's motion to vacate his sentence pursuant to 28 U.S.C. § 2255. We denied Rosario's request for a certificate of appealability, and the United States Supreme Court denied his petition for a writ of certiorari.

In 2006, the District Court denied Rosario's motion to reopen his § 2255 proceedings pursuant to Federal Rule of Civil Procedure 60(b). The District Court held that Rosario's motion, which raised a claim under Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), constituted an unauthorized second or successive § 2255 motion. We then denied Rosario's application to file a second or successive § 2255 motion challenging his sentence under Blakely and Booker. Rosario also unsuccessfully filed in District Court two petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Rosario then challenged his sentence under the All Writs Act, 28 U.S.C. § 1651, by filing a petition for a writ of audita querela in District Court. Rosario again challenged his sentence under Booker, arguing that the sentencing judge improperly determined the amount of drugs in his case. The District Court denied Rosario's petition, and this appeal followed.

2

"The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute." Pennsylvania Bureau of Correction v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985). "Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Id. While the writ of audita querela has been abolished in civil cases, see Fed. R. Civ. P. 60(e), the writ is available in criminal cases to the extent that it fills in gaps in the current system of post-conviction relief. United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005); United States v. Valdez-Pacheco, 237 F.3d 1077, 1079 (9th Cir. 2001). See also United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007) (stating that the writ is probably available where there is a legal objection to a conviction that has arisen after the conviction and that is not redressable pursuant to another post-conviction remedy).

A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the means to collaterally challenge a federal conviction or sentence. The District Court correctly held that Rosario may not seek relief via a petition for a writ of audita querela because his claim is cognizable under § 2255. There is no gap to fill in the post-conviction remedies.[1] Rosario may not seek relief through a petition for a writ of audita querela on the basis of

---

[1] In the rare case that § 2255 is "inadequate or ineffective" because some limitation of scope or procedure would prevent a § 2255 proceeding from affording a full hearing and adjudication of a claim, a federal prisoner may seek relief via 28 U.S.C. § 2241. Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). See also In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Rosario stated in his "Motion for Point of Clarification" that he was not seeking relief under § 2241.

3

his inability to satisfy the requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") for filing a second or successive § 2255 motion to vacate sentence. See Valdez-Pacheco, 237 F.3d at 1080 (noting that a "prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs."). See also United States v. Baptiste, 223 F.3d 188, 189-90 (3d Cir. 2000) (per curiam) (stating that a prisoner may not resort to a writ of coram nobis merely because he cannot meet AEDPA's gatekeeping requirements).

Accordingly, because this appeal does not present a substantial question, we will affirm the District Court's order.[2]

---

[2]Rosario's motion for appointment of counsel is denied. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). His request for a certificate of appealability is denied as unnecessary.